# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KENT E. STAPLETON,                   Case No. 1:09-cv-638
Plaintiff

                                                                Weber, J.

vs

ROBERT RIDDELL,                      **ORDER**
Defendant

       Plaintiff, a resident of Hamilton, Ohio, brings this action against Robert Riddell, also a resident of Hamilton and plaintiff's landlord, alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

       In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

Plaintiff's pro se complaint alleges the following:

> Mr. Riddell has made remarks to public officials about me that are not true. Mr. Riddell has caused me to be investigated by sheriff's dept. of Butler County. Mr. Riddell has called police on me no: of times to have me removed from my place of residence. Mr. Riddell has made fauls (sic) claims about me. Please see Order of Protection Butler County.

(Complaint at 5). Attached to the complaint is a Petition for Civil Stalking Protection Order filed by plaintiff against defendant in the Butler County, Ohio Court of Common Pleas. The petition was denied because "petitioner did not show stalking on the part of respondent." (Complaint, attachment). As relief, plaintiff seeks $100,000.00.

In this case, plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. To the extent plaintiff seeks to invoke the

2

diversity jurisdiction of the Court, his complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case. Plaintiff and the defendant are Ohio citizens. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Nor does the complaint allege a violation of federal law. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

In this regard, plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege facts showing 1) the

3

deprivation of a right or privilege secured by the Constitution or laws of the United States, and 2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff's complaint fails to allege facts showing defendant Riddell acted under color of state law for purposes of § 1983 liability. Plaintiff has named a private individual as the defendant in this matter. A private individual or entity acting on its own cannot deprive a citizen of his constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). Although a private actor acting in concert with state officials may be subject to § 1983 liability, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), plaintiff has failed to allege any facts whatsoever showing Mr. Riddell either conspired or acted in concert with state officials. Moreover, providing information to the police or responding to questions about a crime does not amount to state action for purposes of section 1983 liability. *See Moldowan v. City of Warren*, __ F.3d __, 2009 WL 2497969, at *37 (6th Cir. 2009). *See also Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.") (cited with approval in *Moldowan*).

In addition, plaintiff's complaint fails to allege facts showing how the defendant somehow violated his constitutional rights. Therefore, the complaint fails to state a claim for relief under § 1983 against defendant Riddell.

The Court cannot discern any other possible federal claim stemming from plaintiff's allegations.

4

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B), for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3), and for failure to state a claim for relief under 42 U.S.C. § 1983. The complaint is hereby **DISMISSED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 9/10/09

Herman J. Weber, Senior Judge
United States District Court